**Nathaniel McHENRY,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 3-879A218.

Court of Appeals of Indiana,
Third District.

April 28, 1980.

David Capp, Cohen & Thiros, Merrillville, for defendant-appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

STATON, Judge.

ON PETITION FOR REHEARING

This Court, on March 24, 1980, affirmed the judgment of the trial court which found Nathaniel McHenry guilty of the crime of Burglary. McHenry now petitions for a rehearing of his appeal and urges us to address his argument that the trial judge's preliminary admonishment to the jury regarding his absence was prejudicial. In our original opinion, we declined to address this issue as McHenry's objections appeared to be inadequately framed. Nonetheless, we will now clarify our position.

Prior to the opening arguments and the presentation of evidence, the trial judge admonished the jury:

"The Defendant is not in court. I point out the Defendant has a right to be in court during the trial. On the other hand, a defendant has a right to waive his right to be present during the trial. Now, you are to infer nothing from the fact the Defendant is not here. You are not to allow that to influence you in any manner whatsoever in arriving at your verdict in this case. Do you all understand that?"

McHenry's defense counsel had requested that such an admonishment not be given. He later, at the conclusion of the State's opening argument, moved for a mistrial. He claimed that this earlier admonishment, while a correct statement of the law, tended to be prejudicial.

The trial judge's admonishment to the jury was given in order to insure McHenry a fair trial. It is ordinarily assumed that the jury will obey the trial judge's admonition; prompt admonition is thus normally sufficient to protect a defendant's rights. *Avery v. State* (1978), Ind., 381 N.E.2d 1226.

Despite this, McHenry, without citing any authority, claims that he was prejudiced. The giving of an admonishment is within the discretion of the trial judge. Absent a showing of prejudice, we will not reverse a discretionary admonishment. *Hunter v. State* (1977), Ind.App., 360 N.E.2d 588. McHenry has made no showing of prejudice.

His Petition for Rehearing is denied.

GARRARD, P. J., and HOFFMAN, J., concur.